# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:13-cv-00058 |
| | ) | Senior Judge Haynes |
| v. | ) | |
| | ) | |
| ENOCH GEORGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff, Christopher Daniel, filed this pro se action under 42 U.S.C. § 1983 against Defendant Enoch George in his individual capacity. Plaintiff alleges that the conditions of confinement in the Maury County Jail violate his Eighth Amendment rights to adequate medical care, sanitation, recreation, and food.

Before the Court is Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Docket Entry No. 30) contending that Plaintiff's complaint fails to state a claim upon which relief can be granted. In essence, Defendant contends that he is entitled to qualified immunity in his individual capacity because: (1) Plaintiff has not alleged that he suffered any injury as a result of the alleged violations, and (2) Plaintiff has not alleged that Defendant was personally involved in any of the conduct alleged in the complaint. To date, Plaintiff has not filed a response.

For the reasons stated herein, Defendant's motion to dismiss (Docket Entry No. 30) should be granted.

### A. Analysis of the Complaint

According to his complaint, Plaintiff alleges inadequate medical care, sanitation, recreation, and food. Specifically, Plaintiff alleges that, after filing a sick call, it took one week to be seen by

a medical professional. (Docket Entry No. 1, Complaint at 5). In addition, Plaintiff alleges that the guards hand out medication, but do not know what they are distributing. Id. Plaintiff cites one occasion where Officer Pit tried to give the wrong medication to an inmate. Id.

Plaintiff also alleges that only one of the three showers works, and the sink does not work as well. Id. In addition, Plaintiff alleges that there is black mold on the shower walls and clothes come back from laundry wet. Id.

Next, Plaintiff alleges that inmates only receive three hours of recreation per week "if we [are] lucky," and have to wear dirty clothes, after participating in recreation, until the next day. Id. Plaintiff also alleges that inmates have to wear shower shoes to go outside. Id.

Finally, Plaintiff alleges that inmates do not receive the right amount of food. Id. Plaintiff alleges that the food is always cold and the trays have water inside them. Id. Plaintiff also alleges that the inmates that pass out the food do not wear hair nets. Id.

### B. Conclusions of Law

Defendant's motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6). Yet, Rule 12(b) states that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Here, Defendant has already filed an answer to the complaint. (Docket Entry No. 24). As such, the Court will consider Defendant's motion to dismiss as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), utilizing the same standard as a Rule 12(b)(6) motion. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 n. 1 (6th Cir. 1988) (stating that a Rule 12(b)(6) motion filed after the answer to the complaint may be properly considered as one for judgment on the pleadings under Fed. R. Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6)).

2

In deciding a motion to dismiss for failure to state a claim under either Rule 12(b)(6) or 12(c), "[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (citation omitted). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations and quotation marks omitted).

In Iqbal, the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. Rule Civ. Proc. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility

> that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d. Cir. 2007). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

556 U.S. at 677-79.

While pro se complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se complaints must also satisfy the "facial implausibility" standard articulated in Twombly. Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Determining whether a government official is entitled to qualified immunity requires a two part inquiry: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" Phillips v. Roane County, 534 F.3d 531, 538-39 (6th Cir. 2008).

A plaintiff asserting a section 1983 claim must show: (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996). Thus, in order to hold Defendant individually liable, Plaintiff must establish a "causal connection" between Defendant and the alleged violations. Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). In most contexts, mere negligence will not suffice to support a section 1983 claim. Smoak v. Hall, 460 F.3d 768, 785 (6th Cir. 2006).

In addition, respondeat superior is not a proper basis for liability under § 1983 without proof of personal involvement. See Taylor v. Mich. Dep't of Corrections, 69 F.3d 76, 80-81 (6th Cir. 1995). Thus, Plaintiff must establish, "that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir. 1982). Here, Plaintiff's complaint appears to hold Defendant liable solely by virtue of his supervisory position, as Plaintiff has not alleged that Defendant was personally involved in any of the conduct outlined in the complaint. Yet, Plaintiff does not allege that Defendant authorized, approved, or knowingly acquiesced to any of the alleged violations of Plaintiff's Constitutional rights. Thus, Plaintiff has, ultimately, failed to allege any facts that would

plausibly establish a causal connection between the conduct complained of and the Defendant.

Moreover, even if the Court were to assume that Plaintiff has sufficiently alleged a causal connection between Defendant and the alleged violations, Plaintiff has not alleged sufficient facts to establish "deliberate indifference" on the part of Defendant. This deliberate indifference standard contains both an objective and subjective component. First, "the deprivation alleged must be, objectively, sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, Plaintiff must demonstrate, subjectively, that the prison official acted with a "sufficiently culpable state of mind" with respect to the inmate's health or safety. Id.

Regarding Plaintiff's inadequate medical care claims, the Supreme Court distinguished deliberate indifference to serious medical needs of prisoners from negligence in diagnosing or treating a medical condition, holding that only the former violates the Eighth Amendment. See Id. at 835 (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Here, Plaintiff's complaint alleges that, after filling out a sick call, Plaintiff had to wait one week to see the nurse. (Docket Entry No. 1, Complaint at 5). In addition, Plaintiff alleges that the guards distributing medication do not know what they are doing, and on one occasion Officer Pit gave the wrong medication to an unnamed inmate. Id. Without more, these allegation do not establish that Plaintiff, himself, suffered from a sufficiently serious medical need. Moreover, there is no factual allegation in Plaintiff's complaint capable of establishing that Defendant had a sufficiently culpable state of mind in denying Plaintiff medical care.

Regarding Plaintiff's conditions of confinement claims, courts have held that there is a substantial risk of serious harm "in the denial of the minimal civilized measure of life's necessities." Spencer v. Bouchard, 449 F.3d 721, 727-28 (6th Cir. 2006). Here, Plaintiff alleges inadequate food,

lack of recreation, and unsanitary housing. Yet, Plaintiff's complaint does not allege facts capable of establishing a sufficiently serious deprivation under the Eighth Amendment. See Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992) (noting that the Eighth Amendment does not afford protection against conditions of confinement which cause mere discomfort or inconvenience); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983) ("It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees."); Cunningham v. Jones, 567 F.2d 653, 659-60 (6th Cir. 1977) (holding that complaints about food quality or preparation are "far removed from Eighth Amendment concerns."). Moreover, Plaintiff, again, does not provide any factual allegation in his complaint capable of establishing that Defendant had a sufficiently culpable state of mind with respect to the alleged conditions of confinement violations.

Accordingly, the Court concludes that Defendant is entitled to qualified immunity in his individual capacity and Defendant's motion to dismiss should be granted. As such, Defendant's pending motion to compel (Docket Entry No. 33) and motion to dismiss for lack of prosecution (Docket Entry No. 34) should be denied as moot.

An appropriate Order is filed herewith.

ENTERED this the 29th day of June, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge